**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| QASIM HARRISON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No:  2:25-cv-00929 |
| | : | |
| vs. | : | **Electronically Filed** |
| | : | |
| FARRELL AREA SCHOOL DISTRICT and | : | |
| JIM HART, | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |

**BRIEF OF DEFENDANT, FARRELL AREA SCHOOL DISTRICT,
IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant, the Farrell Area School District (hereinafter the "District"), by and through its
attorneys, Andrews & Price, LLC, files the following Brief in Support of the District's Motion to
Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

## I.    BACKGROUND

Plaintiff Qasim Harrison initiated this matter by the filing of a *pro se* Complaint against
the District and Jim Hart in the Westmoreland County Court of Common Pleas on June 2, 2025 at
docket number 2025-01591. (ECF No. 1-2). This Complaint was never served on the District. On
June 4, 2025, Plaintiff filed an Amended Complaint (ECF No. 1-1)("AC"). The District removed
this case to federal court on July 2, 2025. (ECF No. 1).  As required by Rule 12(b)(6) of the Federal
Rules of Civil Procedure, Defendant assumes Plaintiff's allegations to be true, and views all facts
in the light most favorable to him. Viewed according to these standards, the discernable facts

affecting Plaintiff's claims against the District are construed as follows for purposes of resolving the Motion to Dismiss.[1]

In the Amended Complaint, Plaintiff alleges that he was the District's girls head softball coach during the 2024-2025 school year. AC¶6. Plaintiff was working in this capacity during a softball game on April 15, 2025. AC¶8. During this game, Plaintiff determined that it was too cold to continue the game and notified Mr. Hart, working as an umpire, that it was too cold to continue the game. AC¶9-12. Per the Amended Complaint, Mr. Hart suspended the game without further consulting him and incorrectly reported that Plaintiff had forfeited the game by walking off the field. Plaintiff claims that Mr. Hart "retracted" his report. AC¶12.

Plaintiff alleges that the District suspended him from coaching for three games despite of his claim that Mr. Hart retracted his report. AC¶13. Plaintiff also alleges that the District denied him due process by not allowing him to appeal the suspension. AC¶14. Plaintiff alleges that the District imposed the suspension on him in retaliation for him, in his capacity as a parent, confronted an unspecified District coach who yelled at his daughter. AC¶15. Plaintiff also alleges without elaboration that the District's actions towards him were based on conflicts of interest. AC¶16.

Plaintiff's Amended Complaint contains the following counts against the Defendants: Count I- Breach of Contract (Plaintiff v. the District); Count II- Defamation (Plaintiff v. Jim Hart); Count III- Violation of Fourteenth Amendment Rights to Due Process pursuant to 42 U.S. Code §1983 (Plaintiff v. the District); Count IV- First and Fourteenth Amendment Retaliation pursuant to 42 U.S. Code §1983 (Plaintiff v. the District); and Count V- Civil Conspiracy (Plaintiff v. the District and Mr. Hart).

---

[1] In accordance with the standard of review, the "facts" relevant to this Motion to Dismiss are taken from the Plaintiff's Amended Complaint. By no means does the District concur with this rendition of the facts other than for the purpose of resolving this motion.

Plaintiff fails to state a claim upon which relief can be granted for each count brought in the Amended Complaint. Accordingly, the District files the within Brief in Support of the Motion to Dismiss all of the counts set forth against it in Plaintiffs' Amended Complaint.

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). In *Iqbal*, the Supreme Court outlined a two-part analysis that district courts must conduct when reviewing a complaint challenged under 12(b)(6). *See Flower v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir. 2009).

In *Fowler*, this Court held that, following *Iqbal*, motions to dismiss for failure to state a claim in civil cases should be subject to a two-part analysis.[2] *Fowler*, 578 F.3d at 210–211. First, the court should separate the factual and legal elements of a claim; it must accept any well-pleaded facts as true but may disregard any legal conclusions. *Id*. Second, the court must determine whether the well-pleaded facts are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 211. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. If the well-pleaded facts do no more than permit the court to infer the mere possibility of misconduct, the complaint has not "shown" that the pleader is entitled to relief.[3] *Id*.

---

[2] In *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), c*ert. denied*, 132 S. Ct. 1861 (2012), the Court added the step of first identifying the elements of the plaintiff's cause of action.

[3] *Twombly* and *Iqbal* are not satisfied by the presence of *any* factual allegations, but only by factual allegations sufficient to support a plausible, rather than simply conceivable, claim.

The Court recognized in *Fowler* that both *Twombly* and *Iqbal* specifically repudiated the earlier standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which permitted dismissal of a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Fowler*, 578 F.3d at 210.

A complaint must do more than allege the plaintiff's entitlement to relief, but instead must "show" such entitlement with its facts in order to survive a motion to dismiss. *Id.* Therefore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

Although this Court must accept all well pleaded facts in the complaint as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Because Fed. R. Civ. P. 8 (a)(2) requires a showing, rather than a blanket assertion, of entitlement to relief, courts evaluating the viability of a complaint must look beyond conclusory statements and determine whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).

Indeed, it is not sufficient to allege mere elements of a cause of action; instead a complaint must allege facts "to raise a right to relief above the speculative level." *Umland v. Planco Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (*quoting Philips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Examination of the context of the claim, including the underlying substantive law is

therefore necessary in order to properly assess plausibility. *Renfro v. Unisys Corp.,* 671 F.3d 314, 321 (*citing In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 320, n. 18 (3d Cir. 2010)).

### III.   ARGUMENT

**A.   Plaintiff cannot state a claim against the District for violation of his Fourteenth Amendment right to due process.**

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *The Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972*)*. However, "[t]he range of interests protected by procedural due process is not infinite." *Id* at 570. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1397 (3d Cir. 1991) *quoting Regents v. Roth*, 408 U.S. at 570.

A property interest in employment exists where state law supports a claim of entitlement to continued employment. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1078 (3d Cir. 1990). The Third Circuit has held that "only two types of contracts have been found to be property protected by the Fourteenth Amendment. The first is a contract that confers a protected status, such as a tenure contract providing for permanent employment. The second is a contract explicitly providing that it may be terminated only for cause." *Sanguigni v. Pittsburgh Bd. of Pub. Educ.,* 968 F.2d 393, 401 (3d Cir.1992).

As an initial matter, it is unclear whether Plaintiff is alleging that he was terminated or if he was just suspended for three games. In either event, the Amended Complaint is bereft of any allegation that Plaintiff held tenure, as he did not. Moreover, Plaintiff has failed to allege that he

was employed under a contract that explicitly provided that it may be terminated for cause. In fact, Plaintiff has pled that the Collective Bargaining Agreement that he claims governed his employment with the District provided for termination upon 60 days notice. AC¶7.

In *Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, the Third Circuit ruled that a terminated public school coach failed to allege that under the applicable collective bargaining agreement "she had tenure as a coach or that the contract provided for dismissals from such a position only for cause," and thus upheld the trial court's order granting the defendant's motion to dismiss for failure to state a claim. 968 F.2d 393, 401 (3d Cir.1992). Based upon the binding precedent of the Third Circuit, Plaintiff has failed to state a claim against the District for a violation of his right to due process under the Fourteenth Amendment. As such, Count III of the Amended Complaint must be dismissed with prejudice.

**B.     Plaintiff cannot state a claim against the District for First Amendment Retaliation.**

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Indep. Tp*., 463 F.3d 285, 296 (3d Cir. 2006). Public school employees cannot constitutionally be compelled to relinquish First Amendment rights that they would otherwise enjoy as citizens to comment on matters of public interest in connection with operation of public schools in which they work. *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinoi*s, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968). However, the Supreme Court has recognized that the government's "interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general." *Id* at *568.

"When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment. *Connick v. Myers*, 461 U.S. 138, 146, 103 S. Ct. 1684, 1690, 75 L. Ed. 2d 708 (1983). Moreover, the Supreme Court has held that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Id* at 147.

Here, Plaintiff has failed to articulate precisely what he said to an unspecified coach or when he made such a statement. As such, Plaintiff has not provided the Court with any averment that it could use to infer the existence of a causal relationship between his speech and the alleged adverse employment action by the District. However, based on the averments set forth in the Amended Complaint, Plaintiff has alleged that he confronted a District coach who yelled at his daughter in what he perceived to be an aggressive manner. AC¶15. This statement plainly relates to Plaintiff's personal grievances, and not any matter of public concern. As his alleged speech relates to his private concerns rather than any issue of public importance, he cannot state a claim against the District for First Amendment retaliation. Accordingly, Count IV of the Amended Complaint must be dismissed with prejudice.

**C.    Plaintiff cannot state a claim against the District for breach of contract under Pennsylvania common law.**

Count I of the Amended Complaint sets forth a claim against the District for breach of contract under Pennsylvania law. To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege that "there was a contract, the defendant breached it, and plaintiffs suffered

damages from the breach." *McShea v. City of Philadelphia*, 606 Pa. 88, 97, 995 A.2d 334, 340 (2010). If a claim is based upon a written agreement, "a complaint should be stricken for failure to attach [the] essential document." *Brimmeier v. Pennsylvania Tpk. Comm'n*, 147 A.3d 954, 967 (Pa.Cmwlth. 2016), aff'd, 639 Pa. 562, 161 A.3d 253 (2017). Here Plaintiff has failed to attach the writing under which he claims entitlement to relief.

However, setting aside the Amended Complaint's pleading deficiencies, Plaintiff is legally barred from enforcing the contract that he references. The only contract referenced by Plaintiff in his Amended Complaint is the District's collective bargaining agreement. AC¶7. Plaintiff has also pled that the union would not file a grievance on his behalf. AC¶17.

Under the Pennsylvania Public Employee Relations Act ("PERA"), the District is a public employer."43 P.S. § 1101.301. Accordingly, it has a duty to bargain with the exclusive representative of its employees, which in this case is the union referenced by Plaintiff. 43 P.S. § 1101.1201(a)(5). Under PERA, "[a]rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory."43 P.S. § 1101.903.

Federal courts have recognized that, under Pennsylvania law, "an individual employee lacks standing to enforce the terms of a collective bargaining agreement. Only the Union, as a signatory to the agreement with the employer, may bring suit under the CBA." *Johnson v. Borough*, CV 16-1351, 2017 WL 1179011, at *4 (W.D. Pa. Mar. 30, 2017) *citing Ziccardi v. Commonwealth of Pa.*, 500 Pa. 326, 456 A.2d 979, 981 (1982). *Id.* Accordingly, Plaintiff cannot state a claim for breach of contract against the District. As such Count I of the Amended Complaint must be dismissed with prejudice.

**D.**    **Plaintiff's cannot state a claim against the District for civil conspiracy.**

To state a Section 1983 claim for conspiracy, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch*., 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir.1990).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R*., 972 F.2d at 1377. As such, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See D .R. by L.R*., 972 F.2d at 1377; *Rose*, 871 F.2d at 366. Where a civil rights conspiracy is alleged, a plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991).

Here, Plaintiff has not pled any facts to support his assertion that the District and Mr. Hart engaged in a conspiracy to violate his civil rights. His allegations are nothing more than speculation that two actions against him that he perceives to be negative must be the result of a conspiracy. "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997). As such, Count V of the Amended Complaint must be dismissed with prejudice.

E.      **Plaintiff's Amended Complaint should be dismissed for noncompliance with the Federal Rules of Civil Procedure.**

Rule 8(a) of the Federal Rules of Civil Procedure states that a claim for relief must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)'s requirement of a plain and simple statement of the claim is to give the defendant fair notice of the charges so that a meaningful response to the pleading may be filed. *U. S. ex rel. Dattola v. Natl. Treas. Emp. Union*, 86 F.R.D. 496, 499 (W.D. Pa. 1980).

The allegations set forth in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, there is a limit to the indulgence of the law and the resultant imposition on defendants in such suits. *Dattola* at 498-499. Where the complaints filed are so confusing that the defendants cannot possibly file meaningful replies, they must be stricken for noncompliance with Rule 8(a). *King v. Fayette County*, 92 F.R.D. 457, 458 (W.D. Pa. 1981).

A pro se complaint falls far short of the liberal standard set by rule 8(a) when it amounts to a "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies…contain[ing] an untidy assortment of claims that were neither plainly nor concisely stated nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and does not allege "with even modest particularity the dates and places of transactions" complained of. *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). "'The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable.'" *Houser v. Donahoe*, CA No. 12-1024, 2013 WL 6838699, at *4 (W.D. Pa. Dec. 27, 2013) *quoting* (*Greer v. Chicago Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001)). A lawsuit "'is not a game of hunt the peanut' . . . and construing pro se leniency so broadly would pervert the intention of the rule and thwart the interests of

justice." *Id*.

Even after applying the more deferential standard of review afforded to pro se plaintiffs, it is clear that the Amended Complaint fails to satisfy the basic pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint consists of threadbare and speculative allegations stated as legal conclusions. Given the glaring substantive deficiencies with Plaintiff's claims set forth above, any attempt to amend would be futile. As such, the District respectfully requests that this Court enter an order dismissing Plaintiff's Amended Complaint in its entirety.

## IV.    CONCLUSION

For the reasons set forth above, the Defendant, Farrell Area School District respectfully requests that this Honorable Court find that Plaintiff has failed to state a claim for which relief can be granted with respect to each count set forth in the Amended Complaint. Accordingly, all of Plaintiff's' claims against Defendant, Farrell Area School District, must be dismissed with prejudice.

Respectfully submitted,

**ANDREWS & PRICE LLC**

By:    /s/Joseph W. Cavrich

July 8, 2025             Joseph W. Cavrich, Esq
(Date)                  PA. ID. No. 52693
                        Attorney for Defendant,
                        Farrell Area School District

                        1500 Ardmore Boulevard
                        Suite 506
                        Pittsburgh, PA 15221
                        (412) 243-9700 (phone)
                        (412) 243-9660 (fax)
                        jcavrich@andrewsandprice.com

## CERTIFICATE OF SERVICE

       The undersigned counsel hereby certifies that a true and correct copy of the within filing was sent to all parties listed below in the manner specified, this 8th day of July, 2025:

> Qasim Harrison
> 128 Beechwood Avenue
> Wheatland, PA 16161
> (Plaintiff, *Pro se*)
> (First Class USPS Mail)
>
> H. William White III, Esq.
> 445 Fort Pitt Boulevard
> Suite 300
> Pittsburgh, PA 15219
> (Counsel for Defendant, Jim Hart)
> (Via ECF)
>
> **ANDREWS & PRICE, LLC**
>
> / s/ Joseph W. Cavrich
> Joseph W. Cavrich, Esquire
> Attorney for Defendant, Farrell Area School District
> 1500 Ardmore Boulevard
> Suite 506
> Pittsburgh, PA 15221